NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: GERSON IRVING FOX Debtor ———————————————— GERSON IRVING FOX, Appellant, v. ELISSA MILLER, Chapter 7 Trustee, Appellee. | No. 18-56182 D.C. No. 2:17-cv-08302-R MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 8, 2019
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SILVER,** District Judge.

Gerson Irving Fox appeals the district court's order affirming the bankruptcy

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
** The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

court's grant of summary judgment in favor of Elissa Miller, the trustee in Fox's Chapter 7 bankruptcy case. The bankruptcy court denied Fox discharge of his debt pursuant to 11 U.S.C. § 727(a)(3) upon finding that he had failed to produce adequate records from which the trustee could ascertain his financial condition. We have jurisdiction under 28 U.S.C. § 158(d)(1). We affirm.

The bankruptcy court determined there was no genuine dispute of material fact that Fox had failed to maintain and preserve adequate records such that it was impossible to determine Fox's financial condition. The bankruptcy court also concluded Fox was unable to justify his failure to maintain records. Thus, the bankruptcy court denied Fox discharge pursuant to 11 U.S.C. § 727(a)(3). Reviewing the matter de novo, and viewing the evidence in the light most favorable to Fox, we conclude the bankruptcy court was correct. *In re Caneva*, 550 F.3d 755, 760 (9th Cir. 2008) (setting forth standard of review).

Fox is an attorney, a Certified Public Accountant, and operated a successful business for decades. Fox also had extensive and complicated financial investments. Given his sophistication and financial history, Fox should have been able to produce more fulsome financial records than what he provided the trustee. *See id.* at 762 (noting that a "sophisticated" debtor can be expected to maintain records). Fox, however, does not dispute that he was unable to produce recent tax returns, statements for several investment accounts, documents related to two trusts, and

2

documents related to various investments Fox entered into with a former business partner. Without these documents, it was impossible for the trustee to determine Fox's "financial condition and material business transactions."[1] *Id.* at 761 (quoting *In re Cox*, 41 F.3d 1294, 1296 (9th Cir. 1994)).

Having failed to produce adequate records, Fox bore the burden "to justify the inadequacy or nonexistence of the records." *Id.* (quoting *In re Cox*, 41 F.3d at 1296). The relevant inquiry is "whether others in like circumstances would ordinarily keep" better records than what Fox was able to provide. *In re Cox*, 41 F.3d at 1299 (quoting *Matter of Russo*, 3 B.R. 28, 34 (Bankr. E.D.N.Y. 1980)). Fox argues he was unable to produce the records of the investments handled by his former business partner because that business partner defrauded Fox and never provided Fox with any relevant records. But even if that is true, many of the documents Fox failed to produce had no connection to his former business partner. Thus, the fact that Fox's former business partner might have withheld certain categories of records from Fox does not excuse Fox's failure to maintain records across the board.

Fox also argues his age and a variety of physical ailments justified the lack of records. But Fox's counsel specifically disclaimed this justification before the bankruptcy court. And Fox does not explain why his age and physical ailments

---

[1] Fox lacks support for his assertion that the trustee had an obligation to try to obtain the records from other sources and, in any event, there is no evidence that the trustee could have found all the necessary records from other sources.

3

rendered him unable to file tax returns or maintain sufficient records to allow the trustee to assess his financial condition. Other individuals in similar circumstances would have far more records than what Fox maintained.

**AFFIRMED.**